CENTRAL COAL CO., INC., Respondent, *v.* ROMEL HOLDING CO., INC., and Another, Appellants.

Supreme Court, Appellate Term, First Department, April 12, 1926.

**Bills and notes — action against maker and indorser — defense by maker of another action pending is good — notice of dishonor and protest dated one year after maturity is ineffective.**

In an action against the maker and the indorser of a promissory note to recover the face thereof, the defense by the maker that another action is pending is good, since it appears that the prior action was started by the service of a summons upon an alleged officer of the maker and that while the corporation maker appeared specially for the purpose of having the service vacated nothing further was done by the plaintiff to discontinue the action and the present action was started while the prior one was pending.

The defense by the indorser of failure to give notice of dishonor is establishe ¹, since it appears that the notice of dishonor and protest was dated one year afto: the note was due.

APPEAL by defendants from a judgment of the Municipal Court, Borough of Bronx, Second District, rendered on a directed verdict for plaintiff, and against the two defendants, one a corporation, the maker of a promissory note, the other an individual and indorser of said note.

*Emanuel Grabson,* for the appellants.

*Reuben Cohen,* for the respondent.

PER CURIAM. The plaintiff's case consisted of the production of the note and of an alleged notice of dishonor and protest, which appeared on its face to be dated one year after the note was due.

After offering these papers in evidence plaintiff rested.    The defenses were, *first*, by the corporation that there was a prior action pending.    The prior action consisted of one started by the service of a summons upon the individual defendant in this action as an officer of the defendant corporation.    The corporation appeared specially to deny his connection with the corporation and to have the service vacated.    Nothing was done by the plaintiff to discontinue this action and the present action was started while the prior one was, and so far as appears is still pending.    The plea of a prior action pending is, therefore, good.

The individual defendant Kessler's. defense is failure to give notice of dishonor.    The plaintiff maintained that under section 368 of the Civil Practice Act it was necessary for the defendant to make an affidavit that he had not received notice of dishonor or else the receipt of such notice would be presumed, but it appears from the notice of dishonor itself that it is palpably ineffective.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

All concur; present, BIJUR, LYDON and LEVY, JJ.